**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DARREL RAY RICHARDS,
Administrator, Estate of Elbert Ray
Richards, deceased,
Plaintiff-Appellant,

v.

JAMES DONIVAN FERREBEE,
individually and in his official
capacity, Trooper, West Virginia                              No. 98-2698
State Police; MATTHEW SCOTT
ADAMS, individually and in his
official capacity, West Virginia
State Police,
Defendants-Appellees,

and

UNKNOWN AND UNNAMED STATE
TROOPERS, SUPERVISORS,
ADMINISTRATORS,AND EMPLOYEES,
individually and in their official
capacities as employees of the State
of West Virginia,
Defendants.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-97-116-1)

Argued: October 27, 1999

Decided: December 8, 1999

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brent E. Beveridge, BEVERIDGE LAW OFFICES, Fairmont, West Virginia, for Appellant. Ancil Glenn Ramey, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellees. **ON BRIEF:** Jeffrey K. Phillips, STEPTOE & JOHNSON, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrel Ray Richards, administrator of the estate of his deceased father, Elbert Ray Richards, appeals the district court's award of summary judgment to West Virginia State Police troopers James Donivan Ferrebee and Matthew Scott Adams in this action brought pursuant to 42 U.S.C. § 1983. The events giving rise to this lawsuit stemmed from the troopers' investigation on June 24, 1995, of a potential disturbance at a roadside tavern operated by the elder Richards in Ritchie County, West Virginia. The complaint alleged that the troopers unreasonably used deadly force against Mr. Richards during a confrontation at his living quarters adjacent to the tavern, thereby causing his death.

The district court determined that the troopers were entitled to qualified immunity for their actions. The lower court's conclusion relied on our precedent in Elliott v. Leavitt , 99 F.3d 640 (4th Cir. 1996), and our subsequent published order denying rehearing en banc. See Elliott v. Leavitt, 105 F.3d 174 (4th Cir. 1997). In Elliott, we held that the defense of qualified immunity absolved the defendant police

2

officers from § 1983 liability for firing repeatedly upon a criminal suspect who had pointed a handgun at the officers and would not obey their lawful commands to drop the weapon.

We agree with the district court that <u>Elliott</u> controls here, the appellant having failed to sufficiently distinguish its applicability to the facts of this case. We therefore affirm the judgment below for the reasons stated by the district court in its memorandum opinion. <u>Richards v. Ferrebee, et al.</u>, No. CA-97-116-1 (N.D. W. Va., Oct. 26, 1998).

<u>AFFIRMED</u>

3